IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED
IN OPEN COURT

APR 19 2016

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEREK LEON MANTILLA<br>a.k.a. "Chucky" | Case No. 1:16-CR-91 |

STATEMENT OF FACTS

The United States and the defendant DEREK LEON MANTILLA stipulate and agree that the allegations in the **Criminal Information** are true and correct, and that had this matter gone to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. Beginning in and around November 2014, and continuing through in and around February 2015, in the Eastern District of Virginia and elsewhere, the defendant DEREK LEON MANTILLA recruited, enticed, harbored, transported, provided, obtained, or maintained Minor Victim 1, knowing that Minor Victim 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of 18 U.S.C. § 1591(a).

2. In 2009, MANTILLA became friends with Ismael Antonio Mendez, also known as Tone.

3. MANTILLA dated and acted as a pimp for Caitlyn Smith (an adult), including holding money she received from prostitution activities.

4. At some point before November 2014, MANTILLA loaned $1800 to Mendez.

5. In October 2014, MANTILLA was aware that Mendez assisted Minor Victim 1 in absconding from a residential program, and MANTILLA was also aware that Minor Victim 1 began living with Mendez at Mendez's mother's apartment.

6. In November 2014, MANTILLA began pressuring Mendez to pay the $1800 back. MANTILLA sent Mendez a text message that said something to the effect of, "I don't care if you have to put your broad on the block to pay me back."

7. MANTILLA was aware that Mendez persuaded Minor Victim 1 to prostitute to pay off Mendez's debt to MANTILLA. MANTILLA and Mendez entered into an agreement with Minor Victim 1, whereby she would engage in commercial sex acts, including commercial sex acts with Smith, until she earned enough money to pay off Mendez's debt to MANTILLA.

8. At the time, Minor Victim 1 was 15 years old. MANTILLA, Mendez, and Smith knew Minor Victim 1's age, discussed her age, and decided to advertise her as an 18 or 19 year old. They admonished Minor Victim 1 to lie and say she was 18 or 19 if customers asked her age.

9. MANTILLA, Mendez, and Smith taught Minor Victim 1 how to take photos for prostitution advertisements, what types of descriptions to include in advertisements, and how to place advertisements on services like Backpage.com. MANTILLA was aware that Mendez and Smith advised Minor Victim 1 how to avoid law enforcement and how to distinguish between undercover officers and real customers.

10. MANTILLA, Mendez, and Smith began prostituting Minor Victim 1 in late November 2014 in Arlington, Virginia. MANTILLA and Mendez took photos of Minor Victim 1 alone and together with Smith. The photos were used in commercial sex advertisements on Craigslist and Backpage.com. The advertisements listed Smith's or Minor Victim 1's phone

numbers. Smith answered the phone, and customers told Smith what they wanted. Smith instructed them to come to the particular hotel room at a particular time.

11. MANTILLA set the pricing for Minor Victim 1: $60–70 for 15 minutes, $100–120 for 30 minutes, and $200–220 for 60 minutes. Minor Victim 1 worked seven days a week and saw an average of ten to twelve customers per night.

12. From December 2014 through February 2015, MANTILLA, Mendez, Smith, and Minor Victim 1 traveled up and down the Eastern Seaboard, prostituting Minor Victim 1 and Smith in various states including New York, Philadelphia, Delaware, Maryland, Virginia, and New Jersey.

13. In late February 2015, when they were in Maryland, MANTILLA informed Minor Victim 1 that she had paid off Mendez's debt. Shortly thereafter, Minor Victim 1 got into an argument with MANTILLA. MANTILLA directed Minor Victim 1 to leave, and she did.

14. The Statement of Facts includes those facts necessary to support the defendant's guilty plea. It does not include each and every fact known to the defendant or to the government and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

15. The actions of the defendant, as recounted above, were in all respects knowing and intentional, and were not committed by mistake, accident or other innocent reason.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
Whitney Dougherty Russell
Assistant United States Attorney

DEFENDANT'S STIPULATION AND SIGNATURE

After consulting with my attorney and pursuant to the plea agreement entered into this day between the Defendant and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proven the same beyond a reasonable doubt.

By: _____

Date:  DEREK LEON MANTILLA
       Defendant


DEFENSE COUNSEL'S SIGNATURE

I am the counsel for the defendant. I have carefully reviewed the above Statement of Facts with the Defendant. To my knowledge, the Defendant's decision to stipulate to these facts is informed and voluntary.

By: _____

Date:  Mark Bodner, Esq.
       Counsel for Defendant

4